```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL SAMUELS, as Administrator
of the Estate of Orlando Samuels
                                                09-CV-6223T
                        Plaintiff,

                v.                              ORDER

COUNTY OF MONROE, et. al.,

                        Defendants.
_____
```

Plaintiff Michael Samuels, as administrator of the Estate of Orlando Samuels ("Samuels"), brings this action for wrongful death and violation of civil rights against defendants the County of Monroe, the Monroe County Sheriff's Department, and several individual defendants claiming that the defendants wrongfully denied medical care to Samuels while he was an inmate at the Monroe County Jail. According to the plaintiff, Samuels was denied necessary heart medication for over a week, and was denied prompt medical attention for his heart condition, resulting in his death from a heart attack while in custody.

Following significant discovery, the parties agreed to a settlement of the case, and by motion dated, May 31, 2011, plaintiff, with consent of the defendants, moved for approval of the settlement negotiated by the parties. Plaintiff's motion, which was filed as a public document, and not under seal, detailed the terms of the settlement, including settlement amounts. Neither

the plaintiff nor defendants requested that the settlement be sealed, nor did any party request that the motion to settle be filed under seal.

On July 12, 2011, I granted plaintiffs motion to settle the case. Thereafter, the parties submitted a stipulation agreeing that the settlement should be sealed, and asked the court to "So Order" the stipulation. The parties did not provide any explanation as to why they believed the settlement should be sealed.

The parties request to seal the settlement in this action is denied. "There is a well-established presumption favoring full and complete access to court proceedings and judicial documents." Hens v. Clientlogic Operating Corp., 2010 WL 4340919 at *1 (W.D.N.Y., Nov. 02, 2010)(Skretny, J.)(citing Nixon v. Warner Communications., Inc., 435 U.S. 589, 597 (1978); Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir., 2006). Although in many cases a settlement agreement is not a "judicial document" (Hens, 2010 WL 4340919 at *2), in the instant case, the parties did not file a settlement agreement, but instead filed a motion seeking approval of the settlement negotiated between the parties. Because the motion seeking approval of the settlement is a judicial document, (in that the document is one that is relevant to the performance of a judicial function) there is a presumption that the document be a public record. Hens, 2010 WL 4340919 at *2. Because the parties

have not provided any reason for seeking to seal the settlement (other than their agreement that the terms of the settlement should be confidential) they have failed to overcome, or even address, the presumption that the settlement approved by this court be a public document.  I therefore deny the parties request to seal.

    ALL OF THE ABOVE IS SO ORDERED.

                                    S/ Michael A. Telesca

                                    MICHAEL A. TELESCA
                              United States District Judge

DATED:   Rochester, New York
         October 24, 2011